FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 03, 2018

SEAN F. McAVOY, CLERK

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| JOYCE PENTZ,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | No. 2:17-cv-00216-MKD<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DIRECTING REMAND PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) AND CLOSING FILE<br><br>ECF Nos. 15, 19 |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 15, 19. The parties consented to proceed before a magistrate judge. ECF No. 6. Plaintiff seeks judicial review of a final decision of the Commissioner denying waiver of an overpayment of social security benefits. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants Plaintiff's Motion (ECF No. 15) and denies Defendant's Motion (ECF No. 19).

ORDER - 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012); *Anderson v. Sullivan*, 914 F.2d 1121, 1122 (9th Cir. 1990) (Commissioner's decision not to waive overpayment "should be affirmed if supported by substantial evidence and if the Secretary applied the proper standard."). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Hill*, 698 F.3d at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by

inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate . . . determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## OVERPAYMENT LEGAL STANDARDS

The Social Security Act authorizes the recovery of disability benefit payments made as a result of an overpayment. The Commissioner bears the burden of proving the fact of overpayment by substantial evidence. *McCarthy v. Apfel*, 221 F.3d 1119, 1124–25 (9th Cir. 2000). Thus, "[t]o recover overpayments, the Commissioner must show that the claimant actually received benefits beyond the period of disability or in excess of the correct amount." *Id.* at 1124 (citing 42 U.S.C. § 404(a)). The Commissioner must establish: "(1) that [the claimant] received Title II disability benefits [for the designated period]; (2) that these benefits were in excess of the amount to which [the claimant] was entitled; and (3) that the overpayment was in the amount [alleged]." *Id.* at 1124–25.

The Social Security Act authorizes the recovery of the overpayment by decreasing future payments to which the claimant is entitled or requiring a refund:

> With respect to payment to a person of more than the correct amount, the Commissioner of Social Security shall decrease any payment under this subchapter to which such overpaid person is entitled, or shall require such overpaid person or his estate to refund the amount in excess of the correct amount, or shall decrease any payment under this subchapter payable to his estate or to any other person on the basis of the wages and self-employment income which were the basis of the payments to such overpaid person, or shall obtain recovery by means of reduction in tax refunds . . . , or shall apply any combination of the foregoing.

42 U.S.C. § 404(a)(1)(A).

Upon determining that an overpayment has been made, the Social Security Administration's ("SSA") practice is "to notify the recipient of that determination, and then to shift to the recipient the burden of either (i) seeking reconsideration to contest the accuracy of that determination, or (ii) asking the [Commissioner] to forgive the debt and waive recovery . . . ." *Califano v. Yamasaki*, 442 U.S. 682, 686 (1979); POMS: IS 02220.001.

The Social Security Act provides for waiver of overpayments if "(1) a claimant is without fault in receiving the payment and (2) requiring repayment would either defeat the purposes of Title II or would be against equity and good conscience." *Quinlivan v. Sullivan*, 916 F.2d 524, 526 (9th Cir. 1990); 42 U.S.C. § 404(b).

The fault inquiry is "highly subjective, highly individualized, and highly dependent on the interaction between the intentions and state of mind of the [plaintiff] and the peculiar circumstances of his situation." *Elliott v. Weinberger*,

564 F.2d 1219, 1233 (9th Cir. 1977) *aff'd in part, rev'd in part on other grounds by Califano*, 442 U.S. 682 (1979). Under the applicable regulations, an individual will be found to have been at fault in connection with an overpayment when an incorrect payment resulted from one of the following: "(a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or (b) Failure to furnish information which he knew or should have known to be material; or (c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect." 20 C.F.R. § 404.507(a)-(c); *see also McCarthy*, 221 F.3d at 1126. Plaintiff has the burden of proving that she was without fault. *See McCarthy*, 221 F.3d at 1129.

## BACKGROUND AND ALJ'S FINDINGS

Plaintiff was granted Title II disability insurance benefits based on an application filed in March 1996. Tr. 22-24. Plaintiff began working again in 2000. Tr. 12. In June 2011, the Commissioner determined that, due to her substantial gainful activity, she was not eligible for disability payments as of July 2009 and because payments were not stopped until June 2011, she was overpaid $17,348.00. Tr. 45. Plaintiff requested a waiver of any overpayment. Tr. 52-59. The request for waiver was denied initially, Tr. 69-70, and after a telephonic personal conference, Tr. 80-82. On November 17, 2011, Plaintiff requested a hearing. Tr. 83.

Plaintiff attended a hearing held on January 25, 2013. Tr. 284-302. On March 29, 2013, the ALJ determined Plaintiff was overpaid and liable to repay benefits in the amount of $17,348.00 for the period of July 1, 2009 to June 1, 2011. Tr. 15-20. The Commissioner withheld supplemental security income disability payments and applied them toward the overpayment. Tr. 20 (indicating total remaining was $10,032.20). On August 14, 2014, the Appeals Council granted Plaintiff's request for review and remanded the matter for further evaluation of the issue of whether recovery of the overpayment was waived and findings on whether or not Plaintiff was "without fault." Tr. 236-38.

The ALJ held a second hearing on September 23, 2014 and issued a decision on November 21, 2014. Tr. 303-318; Tr. 8-14. The ALJ again determined that an overpayment of $17,348.00 occurred during the period of July 2009 to June 2011. Tr. 12-13. The ALJ found Plaintiff was "at fault in causing the overpayment," Tr. 13, and that the overpayment was not waived, Tr. 14. The ALJ concluded Plaintiff was liable for repayment of $17,348.00. Tr. 14.

On May 26, 2017, the Appeals Council denied review, Tr. 3-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision requiring recoupment of overpayment of Title II disability benefits. ECF No. 15. Plaintiff raises the following issues for this Court's review:

1. Whether Plaintiff's due process rights were violated;
2. Whether the ALJ properly determined an overpayment occurred; and
3. Whether the ALJ properly determined the amount of the assessed overpayment.

*See* ECF No. 15 at 2.

**DISCUSSION**

Both Plaintiff and Defendant request the case be remanded to the Social Security Administration (SSA) with instructions. ECF No. 20 at 3; ECF No. 19 at 1 ("judgment should go to the Plaintiff in this matter, with a remand ordered under sentence four of 42 U.S.C. § 405(g), for further proceedings."). However, the parties did not submit a joint stipulation for remand as they disagree on what instructions should be given to the SSA on remand.

Defendant asks the Court to reverse only the ALJ's calculation of the amount of the overpayment and remand the case solely for "recalculation of the overpayment as indicated by the current record." ECF No. 19 at 2. Defendant contends the amount of the overpayment should be recalculated as the sum of

benefits paid for September 2009 through May 2011 (instead of July 2009 to June 2011), as the parties do not dispute that Plaintiff's earnings exceeded the substantial gainful activity level in September 2009. *Id.*; ECF No. 15 at 11.

Plaintiff would prefer the Court remand the case without limitation and with far more detailed instructions. Though Plaintiff does not explicitly dispute the finding that she was not "without fault" for receiving the overpayment, the issue of waiver is preconditioned on the ALJ's first evidentiary determination that an overpayment exists from July 2009 to June 2011, which Plaintiff contests. *See* Tr. 317 (ALJ commenting that "you know, of course, the underlying issue, you know, is . . . certainly before me . . . ."). Specifically, Plaintiff asks the Court to also order the Appeals Council to remand the case to the ALJ with instructions to:

> (1) [v]erify and document any notices that Plaintiff received regarding her work activity in 2009; (2) [v]erify and document that Plaintiff's extended period of eligibility had run prior to 2009; (3) [r]econsider whether Plaintiff's work activity in 2009 warranted discontinuation of her benefits; and (4) [i]f so, explain in detail how any overpayment was calculated (accounting for the December 2012 Notice – Tr. 209) and account for any and all money withheld for payment of the overpayment and refund any money already withheld that exceeds the overpayment; or (5) [i]f not, account for and refund any and all money withheld toward payment of the alleged overpayment."

ECF No. 15 at 2.

Plaintiff's contends the record requires more development. For example, Plaintiff notes there is no month-by month accounting of amounts paid to (or withheld from) Plaintiff and no explanation for the discrepancies in the calculation

ORDER - 8

of the overpayment in the June 2011 and December 2012 notices. ECF No. 15 at 8; ECF No. 20 at 2 3. Furthermore, at the hearing the ALJ orally advised that she was going to "have this case evaluated by a technical expert," "[a]nd then, at that point…issue a decision," yet as Plaintiff notes, the record contains no documentation of such review. ECF No. 15 at 10.

The Court will not issue any of the instructions requested by the parties as part of the agreed-upon remand. Simply put, the Commissioner and the SSA are in the best position, on remand, to determine what course of action is necessary to comply with the dictates of the governing regulations, statutes, constitutional provisions, and case law. Plaintiff's proposed instructions do not propose anything that is not already required in illustrating substantial evidence of an overpayment. *See, e.g., Walker v. Colvin*, 2014 WL 5462425 (N.D. Cal. Oct. 27, 2014) (unpublished) (finding substantial evidence supported the ALJ's decision the claimant was overpaid where the ALJ considered a "detailed and comprehensive explanation of the overpayment and how it was calculated, including a clear identification of the months in which Plaintiff worked, whom he worked for, how the SSA calculated his monthly earnings to arrive at the conclusion that he engaged in substantial work, and the amount in benefits that he was paid during that time."). For that reason, the Court finds that the parties' proposed instructions are duplicative and unnecessary.

Thus, the Court will simply order that the matter be remanded for further proceedings and for the ALJ to issue a new decision consistent with all applicable rules and regulations as interpreted in relevant Ninth Circuit case law. The Court need not consider the Plaintiff's remaining contentions.

## CONCLUSION

After considering the file and proposed order, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 19, is **DENIED**.

3. The above-captioned case is **REVERSED** and **REMANDED** to the Commissioner of Social Security for further administrative proceedings and a new decision pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, enter **JUDGMENT FOR THE PLAINTIFF**, provide copies to counsel, and CLOSE THE FILE.

DATED April 3, 2018.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE